## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

AC2T, INC. D/B/A SPARTAN
MOSQUITO                               )
                                       )
                                       )
            Plaintiff/Counter-Defendant, )
    v.                                 )        Civ. No. 2:21-cv-00093-TBM-RPM
                                       )
LIGHTS ON DISTRIBUTORS, LLC.           )
CCD WEBSTORE, LLC D/B/A THINK          )
WEBSTORE, CARTER CUSTOM                )
DESIGN, LLC, BRYAN CARTER, AND         )
JOHN DOES 1-50                         )
                                       )
            Defendants/Counter-Plaintiffs/ )
            Third-Party Plaintiffs,    )
                                       )
    v.                                 )
                                       )
JEREMY HIRSCH, MATTHEW JACKSON,        )
AND JOHN DOES 1-50,                    )
                                       )
            Third-Party Defendants.    )
_____)

### MEMORANDUM BRIEF IN OPPOSITION TO
### MATTHEW JACKSON'S MOTION TO DISMISS

Defendant/Third-Party Plaintiff CCD Webstore, LLC ("Think Webstore"), for its

opposition to the motion to dismiss [Doc. No. 31] filed by Third-Party Defendant Matthew

Jackson, shows as follows:

### INTRODUCTION

Third-Party Defendant Matthew Jackson has moved to dismiss the claims asserted

against him on the basis that they are not properly pled as a third-party complaint under Fed. R.

Civ. P. 14. The claims asserted against him, however, are proper under Fed R. Civ. P. 13 and

Fed. R. Civ. P. 20. Accordingly, these claims are properly maintained as counterclaims.

## DISCUSSION

Fed. R. Civ. P. 13(a) provides that "[a] pleading must state as a counterclaim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(b) provides that "[a] pleading may state as a counterclaim against an opposing party any claim that is not compulsory." Fed. R. Civ. P. 13(h) provides that additional parties may be joined to a counterclaim pursuant to Fed. R. Civ. P. 19 or 20. Fed. R. Civ. P. 20(a)(2) permits joinder of persons if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

### A.     Jackson Is Properly Joined Under Rules 13 and 20.

Here, Plaintiff AC2T, Inc. has alleged a wide array of allegations involving its various interactions with Defendants Lights On Distributors, Inc. ("Lights On Distributors" or "LOD"), Think Webstore, Carter Custom Design, LLC ("CCD") and Carter intended to obscure AC2T's and its President's, Jeremy Hirsh's, own wrongful and malicious conduct directed at the Defendants. In their counterclaims, Defendants make this plain, setting forth the pattern of tortious behavior and breaches of contract orchestrated by Mr. Hirsh. The breadth of Plaintiff's claims brings almost all aspects of the relationships between AC2T and the Defendants within the transactions and occurrences at issue in this case.

In its First Amended Complaint ("FAC" [Doc. No. 28]), Plaintiff AC2T further clarifies that the genesis of the disputes between the parties is AC2T's alleged dissatisfaction with the services being provided to AC2T by Think Webstore and the "deterioration of the business relationship between Spartan and Think, CCD, and Carter." (FAC ¶ 55). AC2T specifically complaints that it was not informed that the "primary customer support employee for Spartan" had left Think Webstore in late 2018. (FAC ¶ 57). This, of course, is the genesis (or in their view justification) of AC2T's and Hirsch's improper solicitations of Think Webstore's employees, and AC2T subsequently entering into the Non-Solicitation Agreement. (Countercl. ¶¶ 37–45).

As it relates to Mr. Jackson, Jackson knowingly joined in Mr. Hirsch's efforts to harm the Defendants, lied, breached his agreement with Think Webstore, and otherwise acted with culpable, actual malice. Matthew Jackson led the Think Webstore team that provided support services to AC2T. (Countercl. ¶ 19). Mr. Jackson was Think Webstore's Vice President of Client Services, who became more or less dedicated to providing support to AC2T. (Countercl. ¶ 18). However, in or about early 2019, Mr. Hirsh started making inquiries to Think Webstore's employees and contractors about the possibility of them working directly for Mr. Hirsch instead of working for Think Webstore. (Countercl. ¶ 38). As a result of Mr. Carter's objections to this conduct, on or about June 3, 2019, AC2T entered into a Client Non-Solicitation Agreement with Think Webstore. (Countercl. ¶ 43). Despite AC2T's obligations under the Non-Solicitation Agreement, at least as early as July 2020, Mr. Hirsch breached the agreement and solicited Mr. Jackson and Think Webstore contractors Jessica Johns and Abigale Williams to terminate their employment with Think Webstore. (Countercl. ¶ 48).

Unfortunately, Mr. Jackson chose to aid this improper conduct, lied to Mr. Carter that Ms. Williams terminated her employment because she got married and was moving to Colorado,

and lied to Mr. Carter that he terminated his employment because he was going to work for the bank his wife worked at, taking a position as a loan officer. (Countercl. ¶¶ 49–51). Mr. Carter learned of this deception and that Mr. Jackson was, in fact, working for AC2T, when Mr. Jackson inadvertently emailed Think Webstore from a Spartan Mosquito email address (responding to a Spartan customer request). (Countercl. ¶ 54). In response to Mr. Carter's inquiries regarding this violation of the non-solicitation and non-competition obligations AC2T and Mr. Jackson each owed to Think Webstore, Mr. Hirsch and Mr. Jackson further lied or did not respond. (Countercl. ¶¶ 55–59).

Contrary to Jackson's assertion in his motion that the claims asserted by AC2T are focused solely on a distribution agreement between AC2T and Lights On Distributors, AC2T has, in fact, sued Think Webstore, CCD, and Carter for alleged failures of service that led to the alleged "deterioration of the business relationship between Spartan and Think…" and AC2T's and Jackson's breaches of their obligations owed to Think Webstore.

The claims arising out of these common set of facts satisfy, at least, Rule 20's requirements for joinder of a party. These same factual events support both Think Webstore's claims against AC2T for breach of the Non-Solicitation Agreement (Count IV), claims against Mr. Jackson for breach of the Business Protection Agreement (Count VI), and claims against AC2T, Jackson, and Hirsch for the tortious and malicious conduct associated therewith (Counts V and VII). These common issues of fact and law satisfy the requirement that "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(B).

Additionally, AC2T, Jackson, and Hirsch are severally liable or jointly and severally liable for the claims asserted by Think Webstore. First, both AC2T and Jackson owe contractual obligations to Think Webstore:

4

- AC2T – not to "solicit, employ, deal with, or otherwise interfere with [Think Webstore]'s contracts or relationships with any employee…or independent contractor…." (Countercl. ¶ 45).

- Jackson – not to (1) divert a customer from Think Webstore, (2) render services to a competitor, (3) render services to a customer, or (4) solicit, employ, deal with or otherwise interfere with Think Webstore's contracts or relationships with an employee or independent contractor. (Countercl. ¶ 115).

The damages caused by the breaches of these obligations are identical and/or substantially overlapping and AC2T and Jackson are, at a minimum, severally liable for the same under Miss. Code § 85-5-7. In this regard, and second, under Miss. Code § 85-5-7, AC2T, Jackson, and Hirsch are jointly and severally liable for the damages caused by the independent tortious conduct alleged in Counts V and VII of the Counterclaim.

Of note, AC2T has pled an affirmative defense of comparative fault. (Answer [Doc. No. 21] Third Defense) (alleging damages are "the sole proximate result of actions or omissions of a person or persons or an entity or entities other than Spartan and Hirsh…and a subject to apportionment under Mississippi law, inclusive of Miss. Code Ann. §§ 85-5-7 and 11-7-15"). This defense indicates AC2T will claim Jackson is responsible in full or in part for the damages caused to Think Webstore.

That AC2T, Jackson, and Hirsch are liable to Think Webstore jointly, severally, or in the alternative for damages associated with the same set of transactions and occurrences satisfies the requirement that relief is asserted against them "jointly, severally, or in the alternative." Fed. R. Civ. P. 20(a)(2)(A).

Jackson did not have to join Mr. Hirsch in breaching agreements and committing torts against Think Webstore, but he did, and because he intertwined himself in the transactions and occurrences underlying the instant dispute, he is properly joined as a party.

**B.    This Court Has Supplemental Jurisdiction.**

Because the Court has original jurisdiction over the federal claims asserted in Plaintiff's Complaint, the Court has supplemental jurisdiction over Think Webstore's Counterclaims, including those asserted against Jackson. In *Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546 (2005), the United States Supreme Court explained that 28 U.S.C. § 1367(a) is an expansive grant of jurisdiction for all claims that can fall within a single "case or controversy." This was not the case prior to 1990, but in 1990, Congress passed the Judicial Improvements Act, which enacted 28 U.S.C. § 1367(a). The Supreme Court explained, "Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction." *Id.* at 558. The Court specifically noted that "[t]he last sentence of § 1367(a) makes it clear that the grant of supplemental jurisdiction extends to claims involving joinder or intervention of additional parties." *Id.* Accordingly, the Court held that where a district court has original jurisdiction, "[t]he presence of other claims in the complaint, over which the district court may lack original jurisdiction, is of no moment." *Id.* at 559. "If the court has original jurisdiction over a single claim in the complaint, it has original jurisdiction over a 'civil action' within the meaning of § 1367(a)...." *Id*

While this "expansive interpretation" of § 1367(a) does not apply to diversity cases, it does apply to situations where the court already has jurisdiction based on federal question or where at least one class member satisfies the amount in controversy requirement. *Id.* at 564 ("Section 1367(a) applies by its terms to any civil action of which the district courts have original jurisdiction, and the last sentence of § 1367(a) expressly contemplates that the court may have supplemental jurisdiction over additional parties. So it cannot be the case that the presence

of those parties destroys the court's original jurisdiction, within the meaning of § 1367(a), over a civil action otherwise properly before it").

Discussing *Chicago v. International College of Surgeons,* 522 U.S. 156 (1997), the Court explained that a "civil action" is properly removed to federal court, under 28 U.S.C. § 1441(a), even where there is a combination of federal and state claims. *Id.* at 165 ("Once the case was removed, the District Court had original jurisdiction over the federal-law claims and supplemental jurisdiction under § 1367(a) over the state-law claims").

Here, there is no argument that this "civil action" was not properly removed to federal court. Accordingly, the Court has jurisdiction over all claims and parties involved pursuant to § 1367(a).

## C.   Labelling Mr. Jackson A Third-Party Defendant Is Not Determinative.

Finally, the label of Mr. Jackson as a Third-Party Defendant is not determinative of whether the claims are proper. To the extent the claims are mislabeled as third-party claims, they can be construed as counterclaims and Jackson as a Counterclaim-Defendant. *See Ridgewood Clinics, Inc. v. Verma,* No. 4:97CV45-B-D., 1997 WL 271714, at *4 (N.D. Miss. May 6, 1997) (construing allegations against additional parties as counterclaims and not third party claims); *see also Tindle v. Ledbetter,* 627 F. Supp. 406, 407 (M.D. La. 1986) (same).

WHEREFORE, Think Webstore respectfully requests that the Court deny Mr. Jackson's motion in its entirety. In the alternative, to the extent the Court requires, Think Webstore requests leave pursuant to Fed. R. Civ. P. 15 to replead its allegations against Jackson as a Counterclaim-Defendant. Think Webstore respectfully requests any further and additional relief the Court deems just and equitable.

Dated: March 14, 2022

LIGHTS ON DISTRIBUTORS, LLC,
CCD WEBSTORE, LLC D/B/A THINK
WEBSTORE, CARTER CUSTOM
DESIGN, LLC, BRYAN CARTER

By:  s/ *J. Chase Bryan*
        J. Chase Bryan (MSB 9333)

OF COUNSEL:

J. Chase Bryan (MSB 9333)
Attorney for Defendants
YOUNG WELLS WILLIAMS PA
Post Office Box 6005
141 Township Avenue
Suite 300 (39157)
Ridgeland, MS  39158
T:     601-948-6100
F:     601-355-6136
cbryan@youngwells.com


George Spatz, Esq.
Amin Talati Wasserman LLP
100 South Wacker Drive, Suite 200
Chicago, IL 60606
gspatz@amintalati.com

CERTIFICATE OF SERVICE

     I, J. Chase Bryan, counsel for defendants/counter-plaintiffs/third-party plaintiffs hereby certify that, on this day, the above and foregoing was filed using the ECF Court filing system and by electronic mail to the following counsel of record:

Seth M. Hunter
Duke Dukes & Hunter
Post Office Box 2055
Hattiesburg, MS  39403
shunter@jdukeslaw.com

DATED:  March 14, 2022.

                                        *s/ J. Chase Bryan*
                                         J. Chase Bryan