IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| AC2T, INC. DBA SPARTAN MOSQUITO | Plaintiff/Counter-Defendant |
| vs. | Civil Action No. 2:21-CV-93-TBM-RPM |
| BRYAN CARTER, CARTER CUSTOM DESIGN, LLC, CCD WEBSTORE, LLC DBA THINK WEBSTORE, and LIGHTS ON DISTRIBUTORS, LLC | Defendants/Counter-Plaintiffs/ Third Party Plaintiffs |
| vs. | |
| JEREMY HIRSH, MATTHEW JACKSON, and JOHN DOES 1-50 | Third-Party Defendants |

### THIRD-PARTY DEFENDANT MATTHEW JACKSON'S REBUTTAL MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS

Third-party defendant Matthew Jackson states as follows by way of Rebuttal in support of his Motion to Dismiss (Dk. [30]):

### Introduction

Matthew Jackson filed his Motion to Dismiss or, in the Alternative, to Strike the Third-Party Complaint against him on the grounds that the Carter Defendants have not asserted a proper third-party claim against him. The Carter Defendants responded that Mr. Jackson is not a third-party defendant – which is contrary to their own pleading – but instead is a counterclaim defendant properly joined under Rules 13 and 20. However, as shown below, Jackson is not a proper counterclaim defendant, because the Carter Defendants' claims against him do not arise out of the same transaction or occurrence or series of transactions or occurrences. Additionally,

and/or in the alternative, notions of fundamental fairness militate against joinder of Jackson in this lawsuit.

## Argument

1. **Think's claims against Spartan and Jackson do not arise from the same transaction or occurrence.**

CCD Webstore d/b/a Think Webstore ("Think") contends that Matthew Jackson is actually a counterclaim defendant joined under Rule 20(a)(2). This provision allows joinder of a defendant if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. Proc. 20(a)(2). "The transaction or occurrence prong requires the presence of a distinct litigable event linking the parties." *Palermo v. Letourneau Techs., Inc.*, 542 F. Supp. 2d 499, 518 (S.D. Miss. 2008) (citations omitted). There is no such event linking Jackson and Spartan in this case.

Think's contract counterclaims arise from two separate contracts – a non-solicitation agreement with Spartan and a non-compete agreement with Jackson. The contracts themselves, although similar in nature, have separate aims – one to prevent a customer (Spartan) from poaching Think employees, and the other to prevent an employee (Jackson) from engaging in unfair competition. Neither Spartan nor Jeremy Hirsch (the other "third-party defendant") were party to the contract between Think and Jackson. Nor, conversely, was Jackson party to the Non-Solicitation Agreement between Think and Spartan. These are fundamentally two separate transactions.

Think seeks to link these separate transactions by asserting both parties' breaches resulted in "identical" damages but does not explain what those damages are or how they could be identical arising under two separate contracts with distinct sets of expectations. Each defendant, if found liable, would answerable for the damages caused by their respective breaches. Think's counterclaim and third-party complaint are devoid of any allegations that would support a finding of joint liability.

To look at it from a slightly different angle: absent the separate contracts with Spartan and Jackson, Think would be unable to state a claim against either one of them based on the facts alleged. The claims stated arise entirely under separate contracts with separate parties which are, necessarily, separate transactions.

### 2. Alleged common damages is not grounds for Rule 20 joinder.

Furthermore, there is no basis for joining Jackson on the grounds of common damages. Think's vague assertion that the "damages caused by the breaches of these obligations are identical and/or substantially overlapping" (Dk. [34] at pg. 5) is – in addition to being unsupported and self-serving – inapposite. If it is not the same transaction or occurrence, whether the damages overlap is irrelevant. See Fed. R. Civ. P. 20(a)(2).

Aside from this procedural bar, Think has failed to identify precisely which damages for breach of contract it may be entitled to recover from Jackson and Spartan jointly, severally or in the alternative. Reference to the third-party complaint reveals Think is seeking recovery from Jackson and Spartan/Hirsch for unspecified compensatory damages, disgorgement of profits, unjust enrichment, claw back of

compensation, specific performance, and permanent injunction (as well as interest, fees and costs). It is unclear how any of these damages could be overlapping when they either arise from separate contracts (compensatory) or must be specifically tailored to the individual defendant (disgorgement, unjust enrichment, claw back, specific performance, and injunction). The only plausible overlap in damages would be the compensatory element, but the law of contract damages precludes such damages from overlapping.

Damages for breach of contract are intended to put the non-breaching party in the same position he would have been had the contract been performed as contemplated. See *Wilson v. Gen. Motors Acceptance Corp.*, 883 So. 2d 56, 66 (Miss. 2004). Assuming Think could prove Jackson and/or Spartan breached their respective agreements, which Jackson strongly denies, the damages would arise from the expectation of the parties to each *separate* contract. Logically, Think could not have had "identical" expectations from contracts with two distinct parties – one an employee and the other a customer. There is no compelling reason why claims for breach of two different contracts by two different parties should be joined.

### 3. Even if Rule 20 were satisfied, this Court should reject Think's joinder of Jackson.

Assuming *arguendo* that all of the requirements for Rule 20 joinder were satisfied, this Court has "the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Fed. Ins. Co. v. Singing River Health Sys.*, 850 F.3d 187, 202 (5th Cir. 2017). Think's joinder of Jackson in this lawsuit belies its true desire to exact

4

a "pound of flesh" from someone – anyone. But, Think's joinder of Jackson is economically prejudicial to Jackson, who will be required to participate in a complex lawsuit that largely does not concern him or his actions.

The vast majority of legal and factual issues in the instant lawsuit do not pertain in any way to the claims against Jackson. This lawsuit started with Spartan seeking recovery from the Carter Defendants for breach of a consulting agreement (to which Jackson was not a party) and violation of federal and state trademark laws. Spartan's claims against the Carter Defendants include fraud, negligent misrepresentation, concealment, breach of contract, intentional interference with business relations, misappropriation of Spart's intellectual property, trademark infringement, unfair competition, unjust enrichment, promissory estoppel, breach of duty of good faith and fair dealing, and negligence. (Dk. [28] Amended Complaint, at ¶¶ 65-166).

The only claims by Spartan against Think, specifically, are conversion – related to software Spartan purchased from Think – and negligence for Think's failure to update Spartan's website to accommodate the transition to a new product. (Dk. [28] at ¶¶ 165, 167). The allegations and causes of action by Spartan against Think are concise and contained, which cuts directly against Think's assertion that the "breadth of Plaintiff's claims brings almost all aspects off the relationships between [Spartan] and the Defendants within the transactions and occurrences at issue in this case." (Dk. [34] at pg. 2). Indeed, neither of Spartan's claims against

Think have anything to do with Think's claims against Jackson for breach of a non-compete agreement.

Likewise, the Carter Defendants countersuit is overwhelmingly concerned with the same consulting agreement that lies at the center of the majority of Spartan's claims. Think has simply tacked on its claim against Jackson for breach of a non-compete agreement as a matter of convenience for Think, without regard to the implications for Jackson.

It is clear from the pleadings that the primary fight in this litigation, and the issues that will consume the most time and expense, arise from the alleged breaches of the consulting agreement between the Carter Defendants and Spartan, as well as trademark issues. In contrast, Think's claims against Jackson are simple and straightforward. Nevertheless, by being joined in the fight between Spartan and the Carter Defendants, Jackson will be forced to incur significantly greater litigation expenses than he otherwise would in a simple contract case. This is fundamentally unfair to Jackson.

Regarding the tortious breach of contract claims, prejudice may also result from the imputation of an improper motive to one party based on individualized evidence of the other party's improper motive. See *Purdue Pharma, L.P. v. Est. of Heffner*, 904 So. 2d 100, 103 (Miss. 2004) ("individualized evidence pertaining to as few as two plaintiffs against a single defendant or a single plaintiff against two defendants may be prejudicial to a party"). In other words: in the unlikely event Think were able to prove one party breached a valid and binding contract in bad faith,

there is a substantial risk that the other party would be improperly found "guilty by association" – yet another reason not to join these parties.

While it may be more convenient for the Carter Defendants to include Jackson in this suit, notions of fundamental fairness support refusal of the joinder. "Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial.... The benefits of efficiency can never be purchased at the cost of fairness." *Purdue Pharma, L.P. v. Est. of Heffner*, 904 So. 2d 100, 103 (Miss. 2004) (quoting *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 354 (2d Cir.1993).

### 4. Jackson did not "join" Hirsch in committing any torts.

In its response, Think attempts to link the alleged breaches of contract by Spartan and Jackson with the assertion that Jackson "join[ed] Hirsch in breaching agreements and committing torts against Think Webstore." (Dk. [34] at pg. 5). However, there is no claim in the third-party complaint alleging that Hirsch and Jackson joined, conspired, or acted in concert to commit a tort against Think. The only tort claim asserted by Think against Jackson is tortious breach of contract. (Dk. [14], Count VII). Specifically, Think claims Jackson breached the non-compete agreement with "improper motive . . . and not by an honest mistake as to one's rights or duties." (Dk. [14], at ¶ 121). Think brought a similar claim against Spartan and Hirsch related to Spartan's alleged breach of the non-solicitation agreement. But, these are separate torts allegedly committed by two different parties with respect to two different contracts. The proof to sustain the burden of proof on these alleged torts will be individual as to each defendant's motives, and, as already noted above, proof

as to one could be prejudicial to the other. Thus, these claims in fairness ought not to be joined.

### 5. The Carter Defendants' labeling of Jackson as a third-party defendant is a factor that should be considered by this Court.

It is important to recognize that it was the Carter Defendants who applied the label of "third-party defendant" to Mr. Jackson and labeled their cause of action against him as a third-party complaint. The *Ridgewood Clinics* case – cited by the Carter Defendants for the proposition that the Court may construe a third-party claims as counterclaims – is inapposite. In that case, the removing defendants unilaterally labeled themselves as third-party defendants in an attempt to circumvent the rule that a counterclaim defendant cannot remove a case to federal court. See *Ridgewood Clinics, Ince. v. Verma*, No. 4:97CV45-B0D, 1997 WL 271714, at *3-4 (N.D. Miss. May 6, 1997).

This case presents the opposite scenario: the Carter Defendants filed a third-party complaint against Jackson as a third-party defendant and now seek to reclassify him. Moreover, the claims against Jackson are separate and independent from the counterclaims against Spartan in that they arise from a separate contract. Thus, the *Ridgewood* case does not apply, and the Court should give weight to the Carter Defendants' decision to improperly utilize third-party practice.

### Conclusion

Whether it is characterized as a Rule 14 impleader or Rule 20 joinder, Matthew Jackson should not be party to this lawsuit between Spartan and the Carter Defendants. Jackson respectfully requests that his motion to dismiss be granted and

that he be granted any additional and/or alternative relief to which he may be entitled.

FILED: March 28, 2022.

Respectfully Submitted,

**MATTHEW JACKSON**

By: *s/ Michael R. Kelly*

Robert S. Addison – MS Bar # 1152
robert@thompsonaddison.com
W. Matthew Thompson – MS Bar # 101901
matthew@thompsonaddison.com
Michael R. Kelly - MS Bar # 103547
michael@thompsonaddison.com
Thompson Addison, pllc
2060 Main Street
Madison, MS 39110
Phone: 601.850.8000
Fax: 601.499.5219

9

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2022, I electronically filed the foregoing motion with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

*s/ Michael R. Kelly*