**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| AC2T, INC. D/B/A SPARTAN MOSQUITO )<br><br>              Plaintiff,              )<br>       v.                                    )<br>                                            )<br>LIGHTS ON DISTRIBUTORS, LLC.    )<br>CCD WEBSTORE, LLC D/B/A THINK )<br>WEBSTORE, CARTER CUSTOM      )<br>DESIGN, LLC, BRYAN CARTER, AND )<br>JOHN DOES 1-50                          )<br>                                            )<br>              Defendants.              )<br>_____) | Civ. No. 2:21-cv-00093-TBM-RPM |

## REPLY IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES

NOW COME Counter-Plaintiffs Lights On Distributors, LLC, CCD Webstore, LLC,

Carter Custom Design, LLC, and Bryan Carter and for their reply in support of their motion to

strike affirmative defenses show as follows:

**I.     Counter-Defendants' Affirmative Defenses Should be Stricken Because They Fail to Provide Fair Notice of the Defenses Being Asserted.**

None of the cases cited in Counter-Defendants' response to Counter-Plaintiffs' motion to

strike affirmative defenses relate to or endorse the indiscriminate pleading of "all affirmative

defenses" as providing "enough specificity *or* factual particularity" to provide any notice, much

less fair notice, of the actual defenses being advanced. Counter-Defendants throw aside the fact

that their indiscriminant pleading will significantly increase Counter-Plaintiffs' discovery burden

and, otherwise, prejudice Counter-Plaintiffs' ability to understand Counter-Defendants' actual

defenses. As stated in their motion, Affirmative Defense Eight alone would require Counter-

Plaintiffs to issue discovery on ***forty-four*** separate affirmative defenses—none of which are pled

with specificity or factual particularity.

1

Counter-Defendants have asserted nineteen putative affirmative defenses, and Counter-Plaintiffs have not challenged the majority of them despite their questionable merit. It is the couple allegations where Counter-Defendants seek to burden this matter with allegations of "all defenses" or otherwise assert umbrella putative defenses that provide no notice and have no connection to this matter (e.g., acts of god) that Counter-Plaintiffs have objected.

Take the first two defenses contained within the listing in Affirmative Defense Eight, for example. How "arbitration and award" or "accord and satisfaction" are relevant to this case is a mystery. There are no facts alleged anywhere that an arbitration has taken place between the parties on which an award under the Mississippi Arbitration Act, Miss. Code Ann. 11-15-1 *et. seq.*, or the Federal Arbitration Act, 9 U.S.C. 1 *et. seq.* could be enforced. Likewise, there are no facts or other indication that any particular demand has been made and accepted to support accord and satisfaction, *See Royer Homes of Ms, Inc. v. Chandeleur Homes,* 857 So.2d 748, 754 (Miss. 2003) (stating the elements of accord and satisfaction as (1) Something of value must be offered in full satisfaction of a demand; (2) the offer must be accompanied by acts and a declaration which amounts to a condition that if the thing offered is accepted, it is accepted in satisfaction; (3) the party offered the thing of value is bound to understand that if he takes it, he takes it subject to the conditions; and (4) the party must actually accept the item offered).

It is Counter-Defendants' obligation to plead affirmative defenses with "enough specificity or factual particularity" to provide notice. Counter-Plaintiffs should not be required to incur the expense of disproving these "defenses" when Counter-Defendants have made no effort to limit their assertion of defenses to matters that may plausibly be applicable to this matter. Rule 1 of the Federal Rules of Civil Procedure state that the rules should be construed "to secure the just, speedy, and inexpensive" determination of a matter. Counter-Defendants pleading would

promote the opposite and lead to expense and delay while the parties litigate over matters that have no applicability to this matter and no factual basis for being alleged in the first place. Again, just with respect to Affirmative Defense Eight, Counter-Plaintiffs would be required to, at a minimum, issue forty-four Interrogatories as to "What is the factual basis for pleading [X]." *See Woodfield*, 193 F.3d at 362 (naming affirmative defenses of "accord and satisfaction" and "waiver and/or release" were not plead with sufficient particularity).

Similarly, with respect to Affirmative Defense Fourteen, Counter-Plaintiffs would need considerable discovery to even understand what "contract law," "statutory law," "common law," and "tenants of equity" Counter-Defendants believe are encompassed in the affirmative defense before Counter-Plaintiff would even be able to craft relevant discovery requests. Counter-Plaintiffs would be under a similar burden and prejudice to explore and discover what unlawful, unforeseen, intervening or superseding cause Counter-Defendants may be claiming avoids Counter-Plaintiffs' damages in addition to the unsupported contention that "acts of God" in some way excuse Counter-Defendants' conduct here.

Finally, in their response, Counter-Defendants avoid any real discussion of providing specificity or factual particularity to allege "all defenses available to them as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7)…" as asserted in the First Affirmative Defense. Counter-Defendants simply assert that they "need not plead specific facts." While Counter-Plaintiffs cannot imagine any good faith basis for Counter-Defendants to assert a "lack of subject-matter jurisdiction," "lack of personal jurisdiction," "improper venue," "insufficient process," "insufficient service," and "failure to join a party," if there are facts sufficient to support these claims, the Counter-Defendants should be required to come forward with the "factual particulars" so that these threshold matters can be decided.

Counter-Defendants' indiscriminant pleading fails to pass even a minimal threshold to provide notice of what affirmative defenses they may actually be pursuing in this matter. Accordingly, Counter-Plaintiffs respectfully request that they be stricken.

## II.    Counter-Defendants' Affirmative Defenses Twelve and Seventeen Should Be Stricken Because They Fail As A Matter of Law.

As stated in Counter-Plaintiffs' motion, "[s]triking an affirmative defense is warranted if it cannot, as a matter of law, succeed under any circumstance." *Renda*, 709 F.3d at 479. In their response, Counter-Defendants have withdrawn the Twelfth Affirmative Defense and, accordingly, this defense is waived. There, however, remain issues with Affirmative Defense Seventeen in that it is redundant and unnecessarily inserts pages of argument in Counter-Defendants' answer. In addition, the allegation of fraud fails as a matter of law and should be stricken in accordance with the arguments set forth in Defendants/Counter-Plaintiffs' Renewed Motion to Dismiss.

## III.    Counter-Plaintiffs Have Not Similarly Asserted "All Affirmative Defenses."

In their response, Counter-Defendants assert that Counter-Plaintiffs should be judicially estopped from moving to strike affirmative defenses because allegedly Counter-Plaintiffs are taking an inconsistent position with their own pleadings. (Doc. 49 at 9-10). There is simply no comparison between Defendants/Counter-Plaintiffs' affirmative defenses and those being challenged in this motion. To be sure, Defendants/Counter-Plaintiffs have not pled "all affirmative defenses." Instead, Defendants/Counter-Plaintiffs have alleged defenses that may avoid the claims asserted in the amended complaint. Defendants/Counter-Plaintiffs have not sought to strike the affirmative defenses asserted by Counter-Defendants that in a similar manner potentially could be relevant to this case.

IV.    **Counter-Plaintiffs' Motion Is Timely.**

Finally, Counter-Defendants argue that Counter-Plaintiffs' motion is untimely. (Doc. 49 at 4-5). The timing for pleadings in this matter have been amended by Court orders. Initially, the Court ordered Defendants/Counter-Plaintiffs to file an answer and counterclaims notwithstanding a pending Motion to Dismiss at the November 3, 2021 Case Management Conference with the Magistrate Judge. Counter-Defendants filed their Answer on February 2, 2022 (Doc. 21). Later, the parties submitted a Joint Good Faith Certification on potential resolution of the issues presented in the motion to dismiss and, by Order dated February 8, 2022, Plaintiff was afforded an opportunity to file an amended complaint with a 30 day deadline for Defendants to file a Renewed Motion to Dismiss. Based on this timing, Defendants/Counter-Plaintiffs brought their Renewed Motion to Dismiss and Motion to Strike at the same time as contemplated for challenges under Rule 12(g)(1) ("[a] motion under this rule may be joined with any other motion allowed by this rule"). Counter-Plaintiffs respectfully assert that their motion is timely in accordance with the modified response deadlines set for this matter.

Alternatively, Rule 6(b) provides the Court the discretion to extend time for good cause or excusable neglect. Excusable neglect is an "elastic concept," which at bottom is an equitable determination taking account of all relevant circumstances. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 392 (1993). Such considerations may include "the danger of prejudice to the [parties], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395. Here, Counter-Plaintiffs filed their motion in good faith contemporaneously with their Renewed Motion to Dismiss. The alleged delay is minor in relationship to the status of the case and there is no prejudice to any party as the

parties' pending motions are all focused on challenging or setting the pleadings. Should the

motion be deemed untimely, Counter-Plaintiffs would respectfully request leave to file a motion

to extend time under Rule 6.

WHEREFORE Defendants Lights On Distributors, LLC, CCD Webstore, LLC, Carter

Custom Design, LLC, and Bryan Carter respectfully request that the specified Affirmative

Defenses be stricken.

Dated:  May 23, 2022

> LIGHTS ON DISTRIBUTORS, LLC, CCD
> WEBSTORE, LLC D/B/A THINK WEBSTORE,
> CARTER CUSTOM DESIGN, LLC, BRYAN
> CARTER
>
> By:  s/  *George R. Spatz*
> George R. Spatz (Pro Hac)
> Attorney for Defendants
> AMIN TALATI WASSERMAN LLP
> 100 S. Wacker Drive, Suite 2000
> Chicago, IL 60606
> T:      312-466-1033
> F:      312-884-7352
> gspatz@amintalati.com

OF COUNSEL:

J. Chase Bryan (MSB 9333)
Attorney for Defendants
Christian Small
409 W. Parkway Place, Suite 200
Ridgeland, MS  39157
T:      601-427-4031
jcbryan@csattorneys.com

<u>CERTIFICATE OF SERVICE</u>

      I, George Spatz, counsel for defendants hereby certify that, on this day, the above and foregoing was filed using the ECF Court filing system and served on counsel of record:

Seth M. Hunter
Duke Dukes & Hunter
Post Office Box 2055
Hattiesburg, MS 29403
shunter@dukeslaw.com

Dated: May 23, 2022                                  s/  *George R. Spatz*
                                                                 George R. Spatz