**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| AC2T, INC. D/B/A SPARTAN MOSQUITO )<br>)<br>Plaintiff,        )<br>v.                      )<br>)<br>LIGHTS ON DISTRIBUTORS, LLC,  )<br>CCD WEBSTORE, LLC D/B/A THINK )<br>WEBSTORE, CARTER CUSTOM       )<br>DESIGN, LLC, BRYAN CARTER, AND )<br>JOHN DOES 1-50                )<br>)<br>Defendants.      ) | Civ. No. 2:21-cv-00093-TBM-RPM |

**MEMORANDUM BRIEF IN SUPPORT OF MOTION FOR CLARIFICATION**

Defendants respectfully assert that Plaintiff's putative causes of action for Promissory Estoppel and Breach of the Duty of Good Faith and Fair Dealing/Bad Faith should be dismissed based on the Court's discussion and determinations at the September 8, 2022 hearing and September 9, 2022 Order.

**I.      Plaintiff's Claim For Promissory Estoppel Should Be Dismissed As Barred By The Statute Of Limitations And For Failure To State A Claim.**

Plaintiff's putative cause of action for Promissory Estoppel ("Cause of Action G") is based on the same alleged representations as Plaintiff's causes of action for Fraud ("Cause of Action A"), Negligent Misrepresentation ("Cause of Action B"), and Concealment ("Cause of Action C"). As argued in the Defendants' motion, each of these causes rise and fall together.

To support Promissory Estoppel, Plaintiff alleges that "Lights On, Think, CCD, and Carter made representations to Spartan that have proven to be untrue. Namely Lights On, Think, CCD, and Carter made representations to Spartan as set forth in Paragraphs 13-20, and to include, but not be limited to that Spartan could not demand that its IP be removed from Amazon

1

and other internet third-party marketplaces without Lights On being appointed 'registered brand owner' and that Lights On would police internet third-party marketplaces for unauthorized resellers and enforce Spartan's IP rights on those marketplaces." [Dkt. 28 at ¶ 164]. Plaintiff claims that it detrimentally relied upon these representations because "Spartan entered into the Agreement [with Lights On Distributors]." [Dkt. 28 at ¶ 166].

These are the exact allegations Plaintiff relied upon to support its fraud claim, [Dkt. 28 at ¶ 65], claim for negligent misrepresentation, [Dkt. 28 at ¶ 78], and cause of action for concealment, [Dkt. 28 at ¶ 85]. Defendants understand the Court dismissed these three claims as barred by the statute of limitations and substantively because entering into an agreement for services based on an alleged representation that Lights On Distributors could provide such services is not actionable as fraud. For the same reasons, Defendants respectfully request clarification that Plaintiff's promissory estoppel claim is also dismissed.

**A. Plaintiff's claim is barred by the statute of limitations.**

Mississippi Code Annotated section 15-1-49 provides a three-year statute of limitations for all actions for which no other period of limitation is prescribed. Mississippi Code Annotated 15-1-49. This would include promissory estoppel as no other period of limitation is prescribed. As discussed in Defendants' motion, Plaintiff alleges promissory estoppel based on representations made prior to and allegedly culminating in Mr. Hirsch's execution of the Reseller Agreement on May 21, 2018. [Dkt. 28 at ¶¶ 14-19, 164, 166]. Accordingly, this claims would have had to have been filed prior to May 21, 2021. Plaintiff did not file the instant complaint until June 7, 2021 *after* expiration of the statute of limitations.

2

**B. Plaintiff's claim is barred by contract and failure to allege fraud.**

Promissory estoppel may arise "from the making of a promise, even though without consideration, if it was intended that the promise should be relied upon and in fact it was relied upon, and if a refusal to enforce it would be virtually to sanction the perpetuation of fraud or would result in other injustice." *C.E. Frazier Constr. Co., v. Campbell Roofing & Metal Works,* 373 So.2d 1036, 1038 (Miss. 1979).

Promissory estoppel is a quasi-contract remedy. *Bluewater Logistics, LLC v. Willford,* 55 So. 3d 148, 159 (Miss. 2011). "Promissory estoppel legally enforces a promise made without consideration—<u>so no contract was formed</u>." *Nobel v. Wellington Assocs., Inc.,* 145 So. 3d 714, 721 (Miss. Ct. App. 2013) (emphasis added). Because Plaintiff alleges it entered into an enforceable contract, [Dkt. 28 at ¶¶ 19, 166, Cause of Action D ¶¶ 90-92], its claim for promissory estoppel fails.

Moreover, the Reseller Agreement itself precludes the application of promissory estoppel. Section 10 of the Reseller Agreement provides as follows:

> 10. Entire Agreement. This Agreement and AC2T's written invoices sets forth the entire understanding and agreement of the parties and supersedes any and all oral or written agreements or understandings between the parties as to the subject matter thereof.

[Dkt. 28-1].

In *Grand Legacy, LLP v. Gant,* 66 So. 3d 137 (Miss. 2011), the court held that a merger clause in a contract left pre-contractual statements "without any force and effect," emphasizing that if the plaintiff wanted to hold the defendant to the alleged representation, "he could have insisted on its inclusion in the [] agreement." *Id.* at 145. At end, because the agreement was an integrated contract, the court determined the effect of a merger clause is "to preclude the

subsequent introduction of evidence of preliminary negotiations" and "parol evidence of an earlier representation would be inadmissible." *Id.* at 145-146.

Because there is a contract, and per the terms of the contract itself, Plaintiff's claim of promissory estoppel fails. Additionally, because the Court has already dismissed Plaintiff's fraud-based claims, Plaintiff additionally cannot establish the element that failure to enforce the alleged representation would perpetuate a fraud.

### C. Plaintiff fails to allege a promise on the part of Carter, CCD, or Think Webstore.

Finally, Plaintiff fails to allege a promise on the part of Carter, CCD, or Think Webstore that could support promissory estoppel. Plaintiff's allegations are unambiguous that any promise was on the part of Lights On Distributors—resulting in a contract between Plaintiff and Lights on Distributors. [Dkt. 28 at 164-166]. Where there is no promise, there is no promissory estoppel. *See Nobel v. Wellington Assocs., Inc.,* 145 So. 3d 714, 721 (Miss. Ct. App. 2013) (finding no detrimental reliance where contract was with third party). Accordingly, Plaintiff's promissory estoppel claim additionally fails against Carter, CCD, and Think Webstore.

### II. Plaintiff's Claim For Breach Of The Duty Of Good Faith And Fair Dealing/Bad Faith Regarding The Same Should Be Dismissed.

In its putative cause of action for breach of the duty of good faith and fair dealing, Plaintiff alleges Lights On Distributors' (1) failure to police internet third-party marketplaces, and (2) overpricing Spartan Mosquito Eradicator units. [Dkt. 28 at ¶ 168]. In its motion to dismiss, Lights On Distributors focused on the lack of any obligation in the Reseller Agreement or facts to plead breach of these purported obligations to support this claim. However, to allege a breach of duty, Plaintiff must also allege "some conduct which violates standards of decency,

4

fairness or reasonableness." *Blue Diamond, Inc. v. Liberty Mut. Ins. Co.,* 21 F.Supp.2d 631 (S.D. Miss. 1998), *citing* Restatement (Second) of Contracts § 205, 100 (1979).

Here, all of Plaintiff's fraud-based claims have been dismissed and Plaintiff has alleged nothing more than an ordinary breach of contract. Because there are no allegations of conduct on the part of Lights On Distributors that would violate standards of decency, fairness or reasonableness, Lights On Distributors respectfully asserts Plaintiff's cause of action for alleged breach of the duty of good faith and fair dealing/bad faith should be dismissed.

WHEREFORE Defendants respectfully request clarification of the September 9, 2022 Order, that Plaintiff's causes of action for promissory estoppel and breach of the duty of good faith and fair dealing/bad faith be dismissed, and any additional and further relief the Court deems just and equitable.

Respectfully submitted, this the 23rd day of September 2022.

    LIGHTS ON DISTRIBUTORS, LLC, CCD WEBSTORE, LLC D/B/A THINK WEBSTORE, CARTER CUSTOM DESIGN, LLC, BRYAN CARTER

    By:  s/ *George R. Spatz*
    George R. Spatz (Pro Hac)
    Attorney for Defendants
    AMIN TALATI WASSERMAN LLP
    549 W. Randolph Street, Suite 400
    Chicago, IL 60661
    T:    312-466-1033
    F:    312-884-7352
    gspatz@amintalati.com

OF COUNSEL:

J. Chase Bryan (MSB 9333)
Attorney for Defendants
CHRISTIAN SMALL
603 Duling Avenue, Suite 204
Jackson, MS 39216

T:      601-427-4050
F:      601-707-7913
jcbryan@csattorneys.com

## CERTIFICATE OF SERVICE

      I, George Spatz, counsel for defendants hereby certify that, on this day, the above and foregoing was filed using the ECF Court filing system and served on counsel of record:

Seth M. Hunter
Duke Dukes & Hunter
Post Office Box 2055
Hattiesburg, MS 29403
shunter@dukeslaw.com

Dated: September 23, 2022                  s/ *George R. Spatz*
                                                     George R. Spatz