UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| AC2T, INC. D/B/A SPARTAN MOSQUITO | PLAINTIFF/ COUNTER-DEFENDANT |
| V. | CIVIL ACTION NO. 2:21-cv-00093-TBM-RPM |
| LIGHTS ON DISTRIBUTORS, LLC, CCD WEBSTORE, LLC D/B/A THINK WEBSTORE, CARTER CUSTOM DESIGN, LLC, BRYAN CARTER, AND JOHN DOES 1-10 | DEFENDANTS/ COUNTER-PLAINTIFFS/ THIRD-PARTY PLAINTIFFS |
| V. | |
| JEREMY HIRSCH, MATTHEW JACKSON, AND JOHN DOES 1-50 | THIRD-PARTY DEFENDANTS |

**MEMORANDUM BRIEF
IN SUPPORT OF RESPONSE TO MOTION FOR CLARIFICATION**

COMES NOW Plaintiff, AC2T, D/B/A Spartan Mosquito (hereinafter "Spartan"), by and through its undersigned attorneys of record, and submits this Memorandum Brief in Support of Response to Defendants' Motion for Clarification and would show unto the Court the following:

In response to Plaintiff's Amended Complaint [Dkt. 28], Defendants filed a Renewed Motion to Dismiss [Dkt. 44 (corrected)] on April 1, 2022. Following a hearing, the Court issued an Order on September 9, 2022 [Dkt. 57] granting in part and denying in part Defendants' Motion to Dismiss. This Order specifically states that Spartan's claims for fraud, negligent representation, concealment, intentional interference, negligence, and unjust enrichment are dismissed without prejudice. Further, the Order specifically states that Plaintiff's claims for breach of contract, conversion, money had and received, and misappropriation will proceed. The Court's Order does not address Spartan's properly pled causes of action for promissory estoppel or breach of the duty of good faith and fair dealing/bad faith. Consequently, Defendants now seek clarification of that

Order and request that the Court dismiss those claims. Plaintiff does not object to clarification of the Order, but submits that the Court should clarify that the claims for promissory estoppel and breach of the duty of good faith and fair dealing/bad faith will proceed.

## The Applicable Statute of Limitations does not Bar Spartan's Claim for Promissory Estoppel.

The parties agree that Miss. Code Ann. § 15-1-49 provides the statute of limitations applicable to Spartan's claim for promissory estoppel. The statute itself makes clear that its three-year period begins to run when a cause of action accrues. Miss. Code Ann. § 15-1-49 (1). For a "quasi-contract" cause of action, such as promissory estoppel, this statute begins to run not when the promise is made, but when it is broken. *Hughes v. Shipp,* 324 So.3d 286, 291 (¶ 15) (Miss. 2021) (citations therein omitted). Defendants clearly miss the mark in their pronouncement that the statute of limitations began to run when the promises were made [Dkt. 60, p. 2].

Lights On, Think, CCD, and Carter made various promises to Spartan, including those specifically set forth in Spartan's Amended Complaint [Dkt. 28, ¶¶ 17, 164], to wit: that if Spartan allowed Carter or a company in his control to be the registered brand-owner for internet third-party marketplaces and the exclusive internet third-party reseller of Spartan's products, Carter and his company would police such marketplaces and enforce Spartan's IP rights on such marketplaces, prevent unauthorized persons/entities from using Spartan's IP, and/or prevent unauthorized persons/entities from reselling Spartan's products on said marketplaces. As set forth in the Amended Complaint, those promises were broken, triggering the three-year statute of limitations at the earliest in the summer of 2020 and at the latest in the summer of 2021 [Dkt. 28, ¶¶ 41-42, 66]. Spartan filed its Complaint in the Circuit Court of Lamar County, Mississippi, on June 7, 2021 [Dkt. 1, ¶ 1], easily within the three years provided by Miss. Code Ann. § 15-1-49. Spartan's claim for promissory estoppel is not time-barred.

### The Existence of a Written Contract does not Prevent Spartan's Properly Pled Claim for Promissory Estoppel as an Alternative Cause of Action.

Defendants boldly state that "[b]ecause Plaintiff alleges it entered into an enforceable contract . . . its claim for promissory estoppel fails." [Dkt. 60, p. 3]   This is simply wrong. F.R.C.P. 8 (d)(3) provides that "[a] party may state as many separate claims . . . as it has, regardless of consistency."   That a party may not succeed on inconsistent claims does not prevent his pleading them.  *Peterson v. Liberty Life Assurance Co. of Boston*, 2016 WL 3849693, at *3 (N.D.Miss., July 13, 2016) (citing F.R.C.P. 8 (d)(3)).  While *Peterson* dealt with conflicting ERISA sections rather than breach of contract and promissory estoppel claims, the Court found that the federal pleading rules support an expansive approach that allows both legal and equitable claims to proceed and to preserve alternate grounds for relief beyond a F.R.C.P. 12 (b)(6) motion.  *Peterson*, 2016 WL 3849693, at **2-3.

> "Although a party may not succeed on claims for both legal and equitable relief, he "may state as many separate claims or defenses as [he] has, regardless of consistency."  FED. R. CIV. P. 8(d)(3).  If the case moves forward and discovery illuminates additional factual and legal bases for recovery, [the party] may seek leave to amend his complaint, and the Court "should freely give leave when justice so requires."  *Peterson*, 2016 WL 3849693, at *3 (citing F.R.C.P. 1 (a)(2)).

Further, Defendants appear to conflate the doctrine of merger, for purposes of excluding parol evidence when interpreting a contract, with promissory estoppel [Dkt. 60, pp. 3-4]; in fact, the two are wholly unrelated.  Spartan does not rely on promises made by Defendants as parol evidence helpful to interpret the subject contract; rather, Spartan relies on Defendants' promises to satisfy an element of promissory estoppel[1].  To reiterate, Spartan is allowed to, and did, properly plead claims for breach of contract *and* for promissory estoppel; the inconsistency of the two

---

[1] *Hughes*, 324 So.3d at 293 (¶ 23) (promise is first element of promissory estoppel).

3

claims is irrelevant at this procedural stage.  F.R.C.P. 8 (d)(3); *Peterson*, 2016 WL 3849693, at **2-3.

### Spartan's Claim for Promissory Estoppel is not Dependent on its Claim of Fraud.

Elements of promissory estoppel are a promise, made with the intent it be relied upon and in fact is relied upon, and a refusal to enforce the promise would contradict basic equitable principles.  *Hughes*, 324 So.3d at 293 (¶ 23) (citations therein omitted).  The third element of promissory estoppel is sometimes described as: the refusal to enforce the promise "'would virtually sanction the perpetuation of fraud or would result in other injustice,'" *Beasley v. Sutton,* 192 So.3d 325, 335 (¶ 33) (Miss. App. 2015) (quoting *Thompson v. First Am. Nat'l Bank*, 19 So.3d 784, 788 (¶ 19) (Miss. Ct. App. 2009)).  Contrary to Defendants' claim [Dkt. 60, p. 4], this phrasing does not mean that fraud is an element of this cause of action.

The equitable doctrine of promissory estoppel is "'a rule of justice which prevails over all other rules.'" *Suddith v. University of Southern Mississippi*, 977 So.2d 1158, 1180-81 (¶ 53) (Miss. App. 2007) (quoting *Koval v. Koval*, 576 So.2d 134, 137 (Miss. 1991)).  Key is whether it would be substantially unfair to let a party deny what he earlier induced another to act on.  *Suddith*, 977 So.2d at 872 (¶ 29) (quoting *Koval*, 567 So.2d at 138)).  Clearly, the party pursuing a claim of promissory estoppel may satisfy the third element with evidence that failure to enforce the subject promise would *either* perpetuate a fraud *or* sanction an injustice.  *See White v. Nationwide Mutual Ins. Co.*, 323 So.3d 494, 499 (¶ 26) (Miss. 2021) (third element to prove for promissory estoppel is "injustice would arise if that promise were not enforced"); *Thompson*, 19 So.3d at 789 (¶ 21) (third element to prove for promissory estoppel is that failure to enforce the promise "would sanction an injustice or perpetuate a fraud").

Spartan alleges that it relied, to its detriment, on the Defendants' promises and suffered damages as a result [Dkt. 28, ¶¶ 165-166, 41-42, 63].  Spartan's pleadings sufficiently allege that

failure to enforce the promises Defendants made to Spartan would sanction an injustice, regardless of the existence of any fraud claims. Consequently, this Court's dismissal of Spartan's fraud-based claims has no bearing on the continued vitality of Spartan's claim for promissory estoppel.

**Spartan Alleged Promises on the Part of Carter, CCD, and Think Webstore.**

Defendants urge the claim for promissory estoppel should not proceed because Spartan alleged promises made by only Lights On Distributors [Dkt. 60, p. 4]. However, this statement is totally contradicted by allegations contained in Spartan's Amended Complaint [Dkt. 28]. Spartan repeatedly states that Carter made promises: while "acting individually and on behalf of Think, CCD, and what would later become Lights On" [Dkt. 28, ¶ 14]; while "acting in his individual capacity and in his capacity as member, manager, and/or officer of Lights On, Think, and CCD" [Dkt. 28, ¶ 15]; and while "acting in his individual capacity and in his capacity as member, manager, and/or officer of Lights On, Think, and CCD" [Dkt. 28, ¶ 16]. Spartan also plainly states that "Lights On, Think, CCD, and Carter made representations to Spartan" [Dkt. 28, ¶ 164]. There is no merit to Defendants' allegation on this point.

**Spartan Properly Pled its Claim for Breach of the Duty of Good Faith
and Fair Dealing/Bad Faith.**

On this issue, the Defendants previously singularly argued that Spartan's claim for breach of the duty of good faith and fair dealing/bad faith should be dismissed because without a viable breach of contract claim, there could be no breach of the duty of good faith [Dkt. 42, 54]. This Court's Order [Dkt. 57, p. 2] stating that Spartan's breach of contract claim will proceed to close the door on that argument. Defendants have now changed lanes and allege instead that because Spartan's fraud-based claims have been dismissed, the allegations contained in the Amended Complaint [Dkt. 28] are insufficient to state a claim of relief for breach of the duty of good faith and fair dealing/bad faith. The Defendants are wrong.

F.R.C.P. 8 (a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." When subject to a motion to dismiss pursuant to F.R.C.P. 12 (b)(6), a pleading will survive if it "'contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"" *Hopson v. Chase Home Finance LLC*, 14 F.Supp.3d 774, 781 (S.D. Miss. 2014) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007))). All well-pleaded facts are presumed to be true and are viewed most favorably to the plaintiff. *Id*. (citations therein omitted).

Mississippi law provides that every contract has an implied duty of good faith and fair dealing. *Cenac v. Murray*, 609 So.2d 1257, 1272 (Miss. 1992) (citations therein omitted).

> "Good faith is the faithfulness of an agreed purpose between two parties, a purpose which is consistent with justified expectations of the other party. The breach of good faith is bad faith characterized by some conduct which violates standards of decency, fairness or reasonableness." *Cenac*, 609 So.2d at 1272 (citing Restatement (Second) of Contracts, § 205, 100 (1979)). Bad faith, for purposes of the duty of good faith and fair dealing, requires conscious wrongdoing with a dishonest purpose or moral obliquity rather than mere negligence. *Lippincott v. Mississippi Bureau of Narcotics*, 856 So.2d 465, 468 (¶ 8) (Miss. App. 2003) (citation therein omitted).

This duty or covenant is based on fundamental notions of fairness, with its scope dependent upon the nature of each particular agreement. *Jones v. Mississippi Institutions of Higher Learning*, 264 So.3d 9, 18 (¶ 27) (Miss. App. 2018). This duty may prevent undesirable conduct or may require affirmative action. *Jones*, 264 So.3d at 18 (¶ 27) (citations therein omitted). And it requires "'that neither party will do anything which injures the right of the other to receive the benefits of the agreement.'" *Jones*, 264 So.3d at 19 (¶ 27) (quoting *Ferrara v. Walters*, 919 So.2d 876, 883 (¶ 19) (Miss. 2005)). Breach of the duty of good faith and fair dealing stands on its own as a cause

of action and does not require a concomitant breach of any express contract term[2]. *Jones*, 264 So.3d at 20-21 (¶¶ 28-35) (citations therein omitted). The duty does, however, arise from the existence of a contract. *American Banker's Ins. Co. of Florida v. Wells*, 819 So.2d 1196, 1207 (¶ 35) (Miss. 2001) (citation therein omitted).

This Court's ruling that Spartan's breach of contract claim will proceed [Dkt. 57, p. 2] is an acknowledgment that Spartan's allegations concerning the existence of a contract are sufficient. This sufficiently pled contract with Lights On [Dkt. 28, ¶¶ 19, 90] gives rise to the duty of good faith and fair dealing. *Wells*, 819 So.2d at 1207 (¶ 35). Spartan has also sufficiently alleged Lights On's breach of this duty by failing to take affirmative action required[3] *and* by engaging in undesirable conduct which injured Spartan's right to receive the benefits of their agreement[4], both of which are contrary to fundamental notions of fairness. *Jones*, 264 So.3d at 18-19 (¶ 27). Moreover, Lights On's actions are not consistent with Spartan's justified expectations and Lights On's conduct violates standards of fairness or reasonableness[5]. *Cenac*, 609 So.2d at 1272. Failure to police and enforce Spartan's IP rights on internet third-party marketplaces, selling on internet third-party marketplaces without Spartan's written permission, using a modified version of Spartan's IP and labelling, and selling Spartan's product at prices higher than agreed upon cannot be written off as mere negligence. Instead, this conduct in and of itself evinces conscious

---

[2] Though the Court did find that Spartan's breach of contract claim will proceed [Dkt. 57, p. 2] and many of the instances of breach of contract alleged in the Amended Complaint also serve to support breach of the duty of good faith and fair dealing/bad faith.

[3] Failing to maintain physical inventory in a proper manner, failing to obtain Spartan's written permission for selling on internet third-party marketplaces, failing to police and enforce Spartan's IP rights on internet third-party marketplaces [Dkt. 28, ¶¶ 27, 41, 168].

[4] Selling on internet third-party marketplaces without written permission from Spartan, using a modified version of Spartan's IP and labelling, selling Spartan's product at prices higher than that agreed upon, reentering the internet third-party marketplace after acquiescing in the termination [Dkt. 28, ¶¶ 27, 37, 38, 40, 41, 168].

[5] Despite Defendants' allegations to the contrary [Dkt. 60, p. 5].

7

wrongdoing with a dishonest purpose and Spartan so pled [Dkt. 28, ¶¶ 65, 66, 69, 71, 85, 87, 95, 96]. *Lippincott*, 856 So.2d at 468 (¶ 8).

Spartan's Amended Complaint satisfies F.R.C.P. 8 (a)(2) by providing plain statements of the claims showing Spartan is entitled to relief. This pleading, specifically as to the claim for breach of the duty of good faith and fair dealing/bad faith, contains sufficient factual matter which, presumed true and viewed most favorably to Spartan, states a plausible claim for relief [Dkt. 28, ¶¶ 27, 37, 38, 40, 41, 65, 66, 69, 71, 85, 87, 95, 96, 168]. *Hopson*, 14 F.Supp.3d at 781 (citations therein omitted). Contrary to Defendants' allegations [Dkt. 60, p. 5], dismissal of Spartan's fraud-based claims has no relevance to the claim for breach of the duty of good faith and fair dealing/bad faith and this claim should proceed.

WHEREFORE, Spartan respectfully requests that the Court deny the Defendant's Motion for Clarification of the September 9, 2022 Order and find that Spartan's claims for promissory estoppel and breach of the duty of good faith and fair dealing/bad faith will proceed along with the claims for breach of contract, conversion, money had and received, misappropriation, and all other claims of Spartan not dismissed by this Court. Spartan further respectfully requests any additional and further relief the Court deems just and equitable.

RESPECTFULLY SUBMITTED, on this the 21st day of October, 2022.

                        AC2T, INC.
                        D/B/A SPARTAN MOSQUITO,
                        PLAINTIFF/COUNTER-DEFENDANT

BY: *s/Seth M. Hunter (MSB# 101145)*
      Jacob D. King (MSB# 104157)
      Dukes Dukes & Hunter
      P.O. Box 2055
      Hattiesburg, MS 39403
      Tel: (601) 544-4121
      Fax: (601) 544-4425
      E-Mail: shunter@jdukeslaw.com
      *Attorney for Plaintiff/Counter-Defendant*
      *AC2T, Inc. d/b/a Spartan Mosquito,*
      *and Third-Party Defendant Jeremy Hirsch*

## **CERTIFICATE OF SERVICE**

The undersigned herein states that he has this day served upon the following persons a true and correct copy of the foregoing instrument by way of the ECF filing system:

>J. Chase Bryan, Esq.
>Young Wells Williams, PA
>P.O. Box 6005
>141 Township Avenue, Suite 300 (39157)
>Ridgeland, MS 39158
>E-mail:cbryan@youngwells.com
>*Counsel for Defendants/*
>*Counter-Plaintiffs/*
>*Third-Party Plaintiffs*
>
>George R. Spatz, Esq.
>Amin Talati Wasserman, LLP
>200 S. Wacker Dr., Ste. 2000
>Chicago, IL 60606
>E-mail: gspatz@amintalati.com
>*Counsel for Defendants/*
>*Counter-Plaintiffs/*
>*Third-Party Plaintiffs*
>
>Michael R. Kelly, Esq.
>Thompson Addison, PLLC
>2060 Main Street
>Madison, MS 39110
>E-mail: michael@thompsonaddision.com
>*Counsel for Third-Party Defendant*
>*Matthew Jackson*

RESPECTFULLY SUBMITTED, this 21st day of October, 2022.

>*s/Seth M. Hunter (MSB# 101145)*