Last Updated: January 2021
FORM 1 (ND/SD MISS. JAN. 2021)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

AC2T, INC. D/B/A SPARTAN MOSQUITO                                                **PLAINTIFF**

v.                                                                **CIVIL ACTION**
                                                                  **NO. 2:21-CV-00093-TBM-RPM**

LIGHTS ON DISTRIBUTORS, LLC                                       **DEFENDANTS**
CCD WEBSTORE, LLC D/B/A THINK WEBSTORE
CARTER CUSTOM DESIGN, LLC
BRYAN CARTER, AND
JOHN DOES 1-10

## CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the Court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1. **ESTIMATED DAYS OF TRIAL:**                    5-10

   **ESTIMATED TOTAL NUMBER OF WITNESSES:**        15

   **EXPERT TESTIMONY EXPECTED:** Yes    **NO. OF EXPERTS:**    4-6

   Enter explanation (if necessary) here:

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].** (Pick one)

   Alternative dispute resolution techniques appear helpful and will be used in this civil action as follows:

   The parties believe that this matter is in a position for an early settlement conference and ask that court to stay this matter and all discovery until after such.

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.** (Pick one)

   The parties do not consent to trial by a United States Magistrate Judge.

FORM 1 (ND/SD MISS. JAN. 2021)

4. **DISCLOSURE.** (Pick one)

   The following additional disclosure is needed and is hereby ordered:

   Spartan requests a copy of the valuation that was the purpose of the early discovery by Carter Custom Design, LLC. As was stated by Carter Custom Design, LLC during the first CMC, this valuation could aid the parties in resolution.
   Carter Custom Design, LLC states there is no valuation to provide. Spartan has failed to produce all of the documents requested by CCD and refused to agree to an auditor as required by the Consulting Agreement. Accordingly, each party will have to do its own valuation. There is no basis for Spartan to obtain any information regarding CCD's consulting expert's preliminary view on valuation. Matthew Jackson's initial disclosures due by November 17, 2022.

5. **MOTIONS; ISSUE BIFURCATION.** (Pick one)

   Staged resolution/bifurcation of the trial issues will not assist in the prompt resolution of this action.

   Early filing of the following motion(s) might significantly affect the scope of discovery or otherwise expedite the resolution of this action:

   A Motion for Clarification (Dkt. 59) filed by Defendants Lights On Distributors, LLC, et al. is pending.

6. **DISCOVERY PROVISIONS AND LIMITATIONS.**

   A.  Interrogatories are limited to __50__ succinct questions.

   B.  Requests for Production are limited to __50__ succinct questions.

   C.  Requests for Admissions are limited to __50__ succinct questions.

   D.  Depositions are limited to the parties, experts, and no more than

   __10__ fact witness depositions per party without additional approval of the Court.

**E.** The parties have complied with the requirements of Local Rule 26(f)(2)(B) regarding discovery of electronically stored information and have concluded as follows:

Spartan proposed langauge:

Any ESI will be produced in PDF, jpeg, mp4, TIFF, or similar formats. All ESI will be retained in native format and parties may request native format for certain items or certain categories of items, pursuant to Fed. R. Civ. P. 34, subject to objection. The parties will retain all discoverable ESI. Documents already containing OCR'd text will be produced in their current format.

LOD, CCD, Think, and Carter proposed language:

All Documents shall be produced electronically in single page PDF except for spreadsheets, PowerPoint presentations, and databases which shall be produced in native file format. Color Documents should be produced in single page JPG. The parties may agree to produce other files in native format if it is determined that native format would be easier to review. Extracted text shall be produced for all non-redacted ESI and OCRed text shall be produced for all scanned paper documents and redacted ESI.

**F.** The court imposes the following further discovery provisions or limitations:

☐ 1. The parties have agreed that defendant may obtain a Fed.R.Civ. P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff, and that defendant may arrange the examination without further order of the court. The examination must be completed in time to comply with expert designation discovery deadlines.

☑ 2. Pursuant to FED.R.EVID. 502(d), the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

☐ 3. Plaintiff must execute an appropriate, HIPAA-compliant medical authorization.

☑ 4. The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first in good faith as required by Fed. R. Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed. R. Civ. P.16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

☑ 5. Other:
    The parties would request a stay of this matter, and all discovery, until after a settlement conference.

Additional information:

The Parties disagree on the number of written discovery requests per party.

7. **SCHEDULING DEADLINES**

   A. **Trial.** This action is set for __JURY TRIAL__ during a __four-week__ term of court beginning on: __January 2, 2024__, at __9:00__, __a.m.__, in __Hattiesburg__, Mississippi, before United States __District__ Judge __Taylor B. McNeel__.

   THE ESTIMATED NUMBER OF DAYS FOR TRIAL IS __5-10__. ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

   B. **Pretrial.** The pretrial conference is set on: __December 19, 2023__, at __10:00__, __a.m.__, in __Hattiesburg__, Mississippi, before United States __District__ Judge __Taylor B. McNeel__.

   C. **Discovery.** All discovery must be completed by: __June 28, 2023__.

   D. **Amendments.** Motions for joinder of parties or amendments to the pleadings must be filed by: _____.

   E. **Experts.** The parties' experts must be designated by the following dates:

      1. Plaintiff(s): __Mach 13, 2023__.

      2. Defendant(s): __April 10, 2023__.

8. **MOTIONS.** All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by: July 12, 2023 .The deadline for motions *in limine* twenty one days the pretrial conference; the deadline for responses is fourteen days before the pretrial conference.

9. **SETTLEMENT CONFERENCE.**

   A SETTLEMENT CONFERENCE is set on: January 5, 2023 , at 1:30 , p.m. in Gulfport , Mississippi, before United States Magistrate Judge Robert P. Myers, Jr. .

   Seven (7) days before the settlement conference, the parties must submit via e-mail to the magistrate judge's chambers an updated CONFIDENTIAL SETTLEMENT MEMORANDUM. All parties are required to be present at the conference unless excused by the Court. If a party believes the scheduled settlement conference would not be productive and should be cancelled, the party is directed to inform the Court via e-mail of the grounds for their belief at least seven (7) days prior to the conference.

10. **REPORT REGARDING ADR.** On or before (7 days before FPTC) December 12, 2023 , the parties must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply. *See L.U.Civ.R.83.7(f)(3)*.

**SO ORDERED:**

November 3, 2022                              /s/ Robert P. Myers, Jr.
DATE                                          UNITED STATES MAGISTRATE JUDGE