IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| AC2T, INC. D/B/A SPARTAN MOSQUITO ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> LIGHTS ON DISTRIBUTORS, LLC, ) <br> CCD WEBSTORE, LLC D/B/A THINK ) <br> WEBSTORE, CARTER CUSTOM ) <br> DESIGN, LLC, BRYAN CARTER, AND ) <br> JOHN DOES 1-50 ) <br> ) <br> Defendants. ) | Civ. No. 2:21-cv-00093-TBM-RPM |

**REPLY MEMORANDUM BRIEF IN SUPPORT OF MOTION FOR CLARIFICATION**

Plaintiff's Response to Defendants' Motion for Clarification [Dkt. 63/64] ("Opposition" or "Opp.") does not overcome Defendants' showing for why Plaintiff's putative causes of action for Promissory Estoppel and Breach of the Duty of Good Faith and Fair Dealing/Bad Faith should be dismissed based on the Court's discussion and determinations at the September 8, 2022 hearing and September 9, 2022 Order.

**I.    Promissory Estoppel**

**A.    Plaintiff's claim is barred by contract and failure to allege fraud.**

Plaintiff's promissory estoppel claim fails because there is an integrated, written contract. In its Opposition, Plaintiff asserts that this is "simply wrong." (Opp. at 3.) However, Plaintiff offers nothing to support this bombast. Indeed, the only case cited by Plaintiff, *Peterson v. Liberty Life Assurance Co. of Boston,* 2016 WL 3849693, at *3 (N.D. Miss. July 13, 2016), does not discuss or have anything to do with a claim for promissory estoppel or integrated, written contracts. In *Peterson* an employee challenged the denial of a long-term disability determination and the adequacy of the investigation into the same under ERISA Section 502(a)(1)(B) and for

1

breach of fiduciary duty under Section 502(a)(3). Discussing Supreme Court and 5th Circuit law on the interplay between these two ERISA sections, the Court determined that the plaintiff may proceed in parallel on both ERISA claims.

Again, the *Peterson* court did not discuss either promissory estoppel or contract or whether a merger clause in a contract bars a promissory estoppel claim. The cases that do discuss the merger doctrine decidedly support dismissal of Plaintiff's promissory estoppel claim in the face of an integrated contract.

Promissory estoppel is a quasi-contract remedy. *Bluewater Logistics, LLC v. Willford,* 55 So. 3d 148, 159 (Miss. 2011). "Promissory estoppel legally enforces a promise made without consideration—so no contract was formed." *Nobel v. Wellington Assocs., Inc.,* 145 So. 3d 714, 721 (Miss. Ct. App. 2013) (emphasis added). In *Grand Legacy, LLP v. Gant,* 66 So. 3d 137 (Miss. 2011)*,* the court held that a merger clause in a contract left pre-contractual statements "without any force and effect," emphasizing that if the plaintiff wanted to hold the defendant to the alleged representation, "he could have insisted on its inclusion in the [] agreement." *Id.* at 145. Based on this reasoning, the Mississippi Supreme Court upheld the dismissal of claims for fraud, fraud in the inducement, breach of fiduciary duties, negligent misrepresentation, gross negligence, and violation of the implied covenant of good faith and fair dealing. While *Grand Legacy* did not specifically address promissory estoppel, the court's reasoning equally applies to bar such a claim on an alleged pre-contractual promise.

Courts across the country have reached this outcome specifically considering claims of promissory estoppel when the promise was followed by a contract or the promise was alleged to modify or supplement terms in a contact. In *Noble v. Wellington Assocs., Inc.,* 145 So.3d 714 (Miss. App. 2014)*,* the court held generally that estoppel could not be used to extend coverage

under an insurance contract. *Id.* at 721. In *Tampa Bay Financial, Inc. v. Nordeen et. al,* 612 S.E. 2d 856 (Ga. App. 2005), the court upheld dismissal of a promissory estoppel claim based on a merger clause in a subsequent agreement. The court held, "[u]nder this merger clause and Delamont's admission that the representations were made before he signed the agreement containing the merger clause, the trial court did not err by granting summary judgment on his promissory estoppel claim." *Id.* at 861.

In *Novak, et al v. Nationwide Mutual Insurance Co, et al.,* 599 N.W.2d 546 (Mich. App. 1999), the court found representations that an at-will employment clause did not apply to the plaintiff could not survive a written agreement providing for at-will employment and containing an integration clause and "[t]herefore, plaintiff's employment with defendants was terminable at will, and the trial court properly dismissed plaintiff's promissory estoppel claim." *Id.* at 552.

In *Halls Ferry Investments, Inc. v. Smith*, 985 S.W.2d 848 (Mo. App. 1998), the plaintiff claimed that defendant made promises to fill a landfill before the lease terminated. However, the court found that "promissory estoppel is not available when an unambiguous contract exists that covers the issue for which damages are sought." *Id.* at 853. The court further opined that "[p]romissory estoppel cannot be used to create rights not included with the contract." *Id.*

Many more case come to the same conclusion. *See, e.g., Mack v. Earle M. Jorgensen Co.,* 467 F.2d 1177 (7th Cir. 1972) ("We are not aware of any decision applying the doctrine of promissory estoppel where, as in the instant case, the alleged oral agreement or promise was followed by a written contract, the terms of which are in direct conflict with the alleged oral agreement or promise"); *Wojciechowski v. Amoco Oil Co.,* 483 F. Supp. 109 (E.D. Wis. 1980) (no promissory estoppel because of written contract); *Johnson v. Curra,* 633 P.2d 994 (Alaska 1981); *Clark Oil & Refining Corp. v. Leistikow,* 230 N.W.2d 736 (Wis. 1975).

Here, Plaintiff claims a promise to police third party infringement if Lights On is "allowed" to be an exclusive reseller. (Am. Compl. at ¶ 17). This promise allegedly induced and resulted in Plaintiff entering into the United States Exclusive Internet Reseller Agreement for Third Party Marketplaces" ("Reseller Agreement") with Lights On. (Am. Compl. at ¶ 19). The Reseller Agreement is an integrated agreement. Section 10 of the Reseller Agreement provides as follows:

> 10. Entire Agreement. This Agreement and AC2T's written invoices sets forth the entire understanding and agreement of the parties and supersedes any and all oral or written agreements or understandings between the parties as to the subject matter thereof.

[Dkt. 28-1]. Section 12 of the Reseller Agreement further provides, "[e]ach party hereto acknowledges that it has had ample opportunity to review and comment on this Agreement." (Id.) Plaintiff is, in fact, suing Lights On for breach of the Reseller Agreement for, among other things, "[n]ot policing unauthorized resellers and enforcing Spartan's IP on internet third-party marketplaces." (Am. Compl. at ¶ 91.g).

The above-cited cases are instructive and the court's comments in *Halls Ferry Investments* ring true: "promissory estoppel is not available when an unambiguous contract exists that covers the issue for which damages are sought….Promissory estoppel cannot be used to create rights not included with the contract." *Id.* at 853. Because Plaintiff alleges it entered into an enforceable contract based on Defendants' alleged promise, [Dkt. 28 at ¶¶ 19, 166, Cause of Action D ¶¶ 90-92], Plaintiff's claim for promissory estoppel fails.

Additionally, Promissory estoppel may arise "from the making of a promise, even though without consideration, if it was intended that the promise should be relied upon and in fact it was relied upon, and if a refusal to enforce it would be virtually to sanction the perpetuation of fraud or would result in other injustice." *C.E. Frazier Constr. Co., v. Campbell Roofing & Metal*

*Works,* 373 So.2d 1036, 1038 (Miss. 1979). Because there is a written, integrated contract, Plaintiff cannot claim to have relied upon the alleged promise. And, because the Court has already dismissed Plaintiff's fraud-based claims on these same allegations, Plaintiff cannot establish the element that failure to enforce the alleged representation would perpetrate a fraud.

Defendants' respectfully request that Plaintiff's promissory estoppel claim be dismissed.

**B.     Plaintiff fails to allege a promise on the part of Carter, CCD, or Think Webstore.**

Additionally, Plaintiff fails to allege a promise on the part of Carter, CCD, or Think Webstore that could support promissory estoppel. Plaintiff's allegations are unambiguous that any promise was on the part of Lights On Distributors—resulting in a contract between Plaintiff and Lights On.

In its Opposition, Plaintiff argues that it has alleged Carter made the promises "acting individually and on behalf of Think, CCD, and what would later become Lights On." (Opp. at 5). Yet, the allegations Plaintiff cites from the Amended Complaint and the arguments in Plaintiff's Opposition are devoid of any *facts* that would support this conclusory allegation. Moreover, Plaintiff's conclusory allegation is contradicted by the Amended Complaint itself, which makes clear any representation was on behalf of Lights On.

Indeed, Plaintiff alleges that Carter asked Plaintiff to "allow[] Carter, <u>or a company in Carter's control</u>, to become registered brand-owner for internet third-party marketplaces, and allow[] Carter <u>or such company</u> to become the exclusive internet third-party reseller…." (Am. Compl. ¶ 17) (emphasis added). Plaintiff alleges that "Lights On was established by Atkinson and Carter in order to eventually act <u>as the suggested exclusive internet third-party reseller and 'registered brand owner'</u> for Spartan." (Am. Compl. ¶ 18) (emphasis added). Plaintiff alleges as a result, Plaintiff entered into the Reseller Agreement "<u>with Lights On,</u>" (Am. Compl. ¶ 19)

5

(emphasis added), and that Lights On became the registered brand owner on the Amazon website. (Am. Compl. ¶ 20). These allegations make clear that any promise or undertaking to Plaintiff was by or on behalf of Lights On.

There are simply no facts alleged that plausibly suggest a promise on behalf of Carter personally, CCD, or Think Webstore to act as an exclusive reseller, registered brand owner, or to police third party infringement. Accordingly, Plaintiff's promissory estoppel claim additionally fails as to Carter, CCD, and Think Webstore. Where there is no promise, there is no promissory estoppel. *See Nobel v. Wellington Assocs., Inc.,* 145 So. 3d 714, 721 (Miss. Ct. App. 2013) (finding no detrimental reliance where contract was with third party).

### C. Plaintiff's claim for promissory estoppel should be dismissed as barred by the statute of limitations.

In its Opposition, Plaintiff argues that the statute of limitation has not run on the promissory estoppel claim, because the promise was not allegedly broken until "at the earliest in the summer of 2020." (Opp. at 2). But again, here, the purported promise was to "allow" Lights On Distributors to be an "exclusive internet third-party reseller" and brand owner to police third party infringement. (Am. Compl. at ¶ 17). Plaintiff alleges it relied on this promise and suffered a detriment on May 21, 2018 when it entered into the Reseller Agreement with Lights On. (Am. Compl. at ¶ 19).

Plaintiff incorrectly states in its Opposition that Defendants claim the statute of limitations began to run when the promises were made. (Opp. at 2). The alleged promises were made "[o]n or about April 17, 2018." (Am. Compl. ¶ 14). Defendants contend the statute of limitations began to run on May 21, 2018 when Plaintiff entered into the Reseller Agreement as a result of Defendants' alleged inducement—which Plaintiff has alleged was its detriment. *See Warren v. Horace Mann Life Ins. Co.,* 949 So. 2d 770, 772 (Miss. Ct. App. 2006) (a claim for

6

fraudulent inducement accrues upon completion of the transaction induced by fraud); *see also Southern Mortg. Co. v. O'Dom,* 699 F.Supp. 1227, 1230 (S.D. Miss. 1988) (observing "promissory estoppel, like fraud, requires proof of detrimental reliance" and the detriment caused by a subsequent change in position).

As mentioned above, the elements of promissory estoppel are: (1) the making of a promise, even though without consideration, (2) the intention that the promise be relied upon and in fact is relied upon, and (3) a refusal to enforce it would virtually sanction the perpetuation of fraud or would result in other injustice. *C.E. Frazier Constr. Co.,* 373 So.2d at 1038. Accordingly, all elements for an alleged promissory estoppel claim were present as of May 21, 2018 and the statute of limitation began to run at this time.

Plaintiff's putative cause of action for Promissory Estoppel is based on the same alleged representations as Plaintiff's causes of action for Fraud, Negligent Misrepresentation, and Concealment and is alleged to have resulted in the same detriment—the execution of the Reseller Agreement. For the same reasons, Defendants respectfully request that Plaintiff's promissory estoppel claim is also dismissed as barred by the statute of limitations.

## II. Plaintiff's Claim For Breach Of The Duty Of Good Faith And Fair Dealing/Bad Faith Regarding The Same Should Be Dismissed.

Plaintiff's Opposition completely fails to address the substance of Lights On Distributors' motion on Plaintiff's claim for breach of the duty of good faith and fair dealing/bad faith. In its motion Lights On emphasized that to allege bad faith, Plaintiff must also allege "some conduct which violates standards of decency, fairness or reasonableness." *Blue Diamond, Inc. v. Liberty Mut. Ins. Co.,* 21 F.Supp.2d 631 (S.D. Miss. 1998), *citing* Restatement (Second) of Contracts § 205, 100 (1979). In its Opposition, Plaintiff repeats this standard. (Opp. at 6), *quoting Cenac v. Murray,* 609 So.2d 1257, 1272 (Miss. 1992) ("[t]he breach of good faith is bad faith

7

characterized by some conduct which violates standards of decency, fairness or reasonableness…require[ing] conscious wrongdoing with a dishonest purpose or moral obliquity rather than mere negligence")). Plaintiff then recites several of its allegations of breach of contract, (Opp. at 7), and suggests that "the instances of breach of contract alleged in the Amended Complaint also serve to support breach of the duty of good faith and fair dealing/bad faith." (Opp. at 7, n.2). If an ordinary allegation of breach were sufficient to allege bad faith, every contract claim would also constitute bad faith.

In its putative cause of action for breach of the duty of good faith and fair dealing, Plaintiff alleges nothing more than two alleged breaches: (1) failure to police internet third-party marketplaces, and (2) overpricing Spartan Mosquito Eradicator units. (Am. Compl. at ¶ 168). Plaintiff points to nothing alleged in the Amended Complaint that may show additional conduct rising to the level of "bad faith," "moral obliquity," or that "violate standards of decency, fairness or reasonableness." Accordingly, Lights On Distributors respectfully asserts Plaintiff's cause of action for alleged breach of the duty of good faith and fair dealing/bad faith should be dismissed.

WHEREFORE Defendants respectfully request clarification of the September 9, 2022 Order, that Plaintiff's causes of action for promissory estoppel and breach of the duty of good faith and fair dealing/bad faith be dismissed, and any additional and further relief the Court deems just and equitable.

Respectfully submitted, this the 4th day of November 2022.

        LIGHTS ON DISTRIBUTORS, LLC, CCD WEBSTORE, LLC D/B/A THINK WEBSTORE, CARTER CUSTOM DESIGN, LLC, BRYAN CARTER

        By: s/ *George R. Spatz*
        George R. Spatz (Pro Hac)
        Attorney for Defendants
        AMIN TALATI WASSERMAN LLP
        549 W. Randolph Street, Suite 400
        Chicago, IL 60661
        T:    312-466-1033
        F:    312-884-7352
        gspatz@amintalati.com

OF COUNSEL:

J. Chase Bryan (MSB 9333)
Attorney for Defendants
CHRISTIAN SMALL
603 Duling Avenue, Suite 204
Jackson, MS 39216
T:    601-427-4050
F:    601-707-7913
jcbryan@csattorneys.com

## CERTIFICATE OF SERVICE

    I, George Spatz, counsel for defendants hereby certify that, on this day, the above and foregoing was filed using the ECF Court filing system and served on counsel of record:

Seth M. Hunter
Duke Dukes & Hunter
Post Office Box 2055
Hattiesburg, MS 29403
shunter@dukeslaw.com

Dated: November 4, 2022                s/ *George R. Spatz*
                                                   George R. Spatz