UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

AC2T, INC.                                                                                                            PLAINTIFF

VERSUS                                                        CIVIL ACTION NO. 2:21-CV-93-TBM-RPM

LIGHTS ON DISTRIBUTORS, LLC et al                                                        DEFENDANTS

## ORDER TO SHOW CAUSE

This matter is before the Court *sua sponte*. Plaintiff AC2T, Inc., d/b/a Spartan Mosquito (Spartan), filed a complaint in the Circuit Court of Lamar County, Mississippi, which was later removed to federal court. Doc. [1]. Jeremy Hirsch, the principal for Spartan, has been named as a third-party defendant. On November 3, 2022, the undersigned entered a case management order and set this matter for a settlement conference to be conducted before the undersigned on January 5, 2023, at 1:30 PM in Gulfport, Mississippi. Doc. [66] at 5. The case management order directed that "[a]ll parties are required to be present at the conference unless excused by the Court." *Ibid.* On November 4, 2022, the Court sent a notice to the parties reminding them of the settlement conference and advising that "LOCAL COUNSEL, LEAD COUNSEL AND PARTIES WITH FULL SETTLEMENT AUTHORITY MUST BE PHYSICALLY PRESENT AT THE CONFERENCE (INCLUDING INSURANCE CARRIERS WHO HAVE AUTHORITY). FAILURE TO APPEAR MAY RESULT IN SANCTIONS." *See* Notice of Calendar Setting (11/4/2022). On December 19, 2022, the Court issued another notice reminding the parties of the settlement conference setting. The Notice included the same admonishment requiring the parties to attend and warning that sanctions may result if a party fails to be physically present at the conference. *See* Notice of Calendar Setting (12/19/2022).

District courts are empowered to conduct settlement conferences under the Federal Rules of Civil Procedure and 28 U.S.C. § 473(b)(5).  Moreover, Fed. R. Civ. P. 16(f)(1)(A) provides that the Court may *sua sponte* impose sanctions if a party "fails to appear at a scheduling or other pretrial conference".  *See also Topalian v. Ehrman*, 3 F.3d 931, 934 (5th Cir. 1993) ("district courts wield their various sanction powers at their broad discretion."); *Shipes v. Trinity Indus.*, 987 F.2d 311, 323 (5th Cir. 1993) ("[t]he imposition of sanctions is a matter of discretion for the district court.").  Likewise, a court may impose sanctions if a party "does not participate in good faith" in a settlement conference.  Fed.R.Civ.P. 16(f)(1)(B).  Local Rule 16(g)(2)(C) further provides that "[t]he failure of a party to attend a settlement conference, or to have present at the conference a representative with reasonable settlement authority, may result in the assessment of sanctions against the offending party."  *See Bulkmatic Transport Co., Inc. v. Pappas*, 2002 WL 975625, *2 (S.D.N.Y. May 9, 2002) ("it is well established that a court can require parties to appear for a settlement conference, and impose sanctions pursuant to Rule 16(f) if a party fails to do so").

On January 5, 2023, the undersigned conducted the settlement conference as scheduled.  Late in the evening prior to the settlement conference, counsel for Mr. Hirsch sent an email to chambers advising that Mr. Hirsch had experienced flight delays making it impossible for him to attend the next day.  Counsel further advised that Chris Spence, Spartan's CEO, would be able to attend with full settlement authority on behalf of Spartan and Mr. Hirsch.  Josh Mars, in-house counsel for Spartan, would also attend; however, Mr. Hirsch would only be participating by telephone.  Defendant Bryan Carter appeared in person for the settlement conference; as did his attorney, George Spatz, who travelled from Chicago to participate.  Third Party Defendant Matthew Jackson and his attorney also appeared in person for the settlement conference. Mr.

Hirsch was the only party who failed to physically appear for the settlement conference. Mr. Hirsch's absence impeded, and ultimately prolonged, the settlement negotiation process.

Based on the foregoing, Jeremy Hirsch is directed to show good cause in writing why he should not be sanctioned for failing to appear in person for the January 5, 2023, settlement conference. Mr. Hirsch should provide supporting documentation, if any, to explain his absence. Such documentation may include, but is not limited to, airline tickets, flight itineraries, and notifications of flight delays and/or cancellations. Plaintiff's response to the show cause order shall be filed on or before **January 30, 2023**.

SO ORDERED AND ADJUDGED, this the 18th day of January 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE